IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA        :
                                :        CRIMINAL ACTION
        v.                      :
                                :        NO. 07-427
DANIEL GARRAUD                  :

**SURRICK, J.**                                    **DECEMBER 17, 2008**

<u>**MEMORANDUM & ORDER**</u>

Presently before the Court are Defendant's Pro-Se Motion to Dismiss Indictment for

Lack of Speedy Trial (Doc. No. 47), Defendant, Daniel Garraud's Memorandum of Law in

Support of Defendant's Motion to Dismiss for Lack of Speedy Trial (Doc. No. 59), Defendant's

*pro se* Motion to Revoke Pre-Trial Detention Pursuant to 18 U.S.C. § 3164(a)(1)(c) (Doc. No.

55), and Defendant, Daniel Garraud's Motion for Review of Conditions of Release Pursuant to

18 U.S.C. § 3161(c) (Doc. No. 58).  For the following reasons, Defendant's Motions will be

denied.

**I.        BACKGROUND**

On September 5, 2008, Defendant filed his Pro-Se Motion to Dismiss Indictment for

Lack of Speedy Trial.  (Doc. No. 47.)  We had previously advised Defendant that we would not

consider *pro se* filings.  (*See* Doc. No. 38 ("All Motions must be filed by counsel.  The Court

will not accept pro se motions from Defendants who are represented by counsel.").)  Present

Counsel for Defendant, Christopher G. Furlong, Esq., filed a Memorandum of Law in Support of

Defendant's *pro se* Motion to Dismiss for Lack of Speedy Trial on November 3, 2008.  (*See*

Doc. No. 59.)  The Government responded on November 20, 2008.  (*See* Doc. No. 62.)  We will

address the issues raised in the Motions.

A review of the procedural history of this case clearly demonstrates that any delay in the Defendant's case is a direct result of the actions of and decisions by Defendant and Defendant's prior attorney.

After being arrested on June 29, 2007, in connection to the armed robbery of a federally insured bank, Defendant came before a federal magistrate judge on July 5, 2007, and was ordered detained. (Doc. Nos. 4, 6, 9.) On July 25, 2007, Defendant was indicted on charges of armed bank robbery in violation of 18 U.S.C. § 2113(d) and using or carrying a firearm during a crime of violence in violation of 18 U.S.C. § 924(c). (Doc. No. 10.) Defendant was arraigned on August 16, 2007, and Louis R. Busico, Esq., was appointed to represent him. (Doc. Nos. 11, 12-13.) On August 27, 2007, Defendant filed two counseled motions, both of which the Court granted: Motion for Continuance Pursuant to 18 U.S.C. § 3161(h)(8)(A) [now § 3161(h)(7)(A)] (Doc. No. 14), and Motion for Enlargement of Time for Filing Pre-Trial Motions (Doc. No. 15). That same day, we entered an Order directing that

> excludable time in the above-captioned case be computed and entered in the record from the date of filing of the Defendant's Motion for Enlargement of Time for Filing Pretrial Motions, Paper No. 15, and Defendant's Motion for Continuance, Paper No. 14 (Both Motions filed on August 27, 2007) until such time that a hearing on the said motion is concluded or other prompt disposition is made.

(Doc. No. 16.) In addition, on September 13, 2007, in response to Defendant's continuance request we entered an Order that pre-trial motions would be due twenty days after the completion of discovery and we determined that "[i]n accordance with 18 U.S.C. § 3161(h)(8)(A) [now § 3161(h)(7)(A)], the Court finds that the ends of justice served by granting this continuance outweigh the best interests of the public and the defendant in a speedy trial and,

2

therefore, orders this case continued." (Doc. No. 18.)

During the next several months, the parties exchanged discovery and engaged in plea negotiations. Each month the Court inquired of Defense Counsel concerning the status of the case. The Court was repeatedly told by Defense Counsel that the case should not be scheduled for trial, that the plea negotiations were progressing satisfactorily and that he expected the case to be disposed of by a non-trial disposition. In late April of 2008, Counsel advised the Court that negotiations were completed and that a guilty plea hearing should be scheduled. On May 8, 2008, notice of a guilty plea hearing was sent to Defense Counsel and the Assistant United States Attorney, scheduling the guilty plea for May 23, 2008. (Doc. No. 19.) The Government filed its Guilty Plea Memorandum on May 20, 2008. (Doc. No. 20.) The change of plea hearing was rescheduled for June 6, 2008 (Doc. No. 21). At the hearing on June 6, 2008, Defendant requested a continuance. Defendant's attorney advised that Defendant wanted to review the notes of testimony from the July 5, 2007 probable cause hearing before Magistrate Judge Carol S.M. Wells. At the conclusion of the hearing on June 6, 2008, we advised Counsel that if the case was not disposed of by guilty plea we would begin trial on June 23, 2008. Thereafter, we issued a revised scheduling order and scheduled trial for June 23, 2008. (Doc. Nos. 24, 25.) On June 19 and 20, 2008, Counsel for Defendant and Counsel for the Government submitted proposed jury instructions (Doc. Nos. 27, 32) and proposed voir dire questions (Doc. Nos. 28, 29).

On June 18, 2008, we received a letter from Defendant indicating that he was dissatisfied with Defense Counsel's representation. (Letter from Defendant Daniel Garraud to the Court (June 13, 2008).) We scheduled a status conference for June 20, 2008. At the status conference,

3

both the Government and Defense Counsel indicated that they were prepared to proceed to trial, although Defense Counsel stated that his relationship with his client was acrimonious, which would hinder his effectiveness at trial.  (*See* Hr'g Tr. 3, 8, 9-10, Jun. 20, 2008.)  Defendant stated that he did not want to represent himself (*see id*. at 4) and he advised the Court, "I need at least a month and an attorney."  (*Id*. at 11.)  After some discussion, we granted Defendant's request for a new attorney.  We stated that we were appointing new counsel not because we believed present counsel had mishandled the case, but rather because Defendant would not communicate productively with his attorney.  (*Id*. at 14-15.)  We also advised Defendant that he would have to communicate with his new lawyer and that failing to do so would result in Defendant representing himself, with his newly-appointed attorney acting as stand-by counsel.  (*Id*. at 15.)  We explained to Defendant that if we did not go to trial as scheduled on June 23, 2008, the trial would not be within the time frame set by the Speedy Trial Act.  (*Id*. at 16.)  Defendant responded, "That's fine.  That's fine."  (*Id*.)  The Government advised that two FBI agents who were prepared to testify if the trial began as scheduled on June 23, 2008, would not be available if the trial were continued by one month because they were leaving for three-month tours of duty in Iraq on July 4, 2008.  (*Id*. at 16-17.)  We explained to Defendant that if we continued the case, because of the unavailability of these Government witnesses, the case would be continued well beyond thirty days.  (*Id*. at 17-18.)  Defendant responded, "Yeah.  I have no problem with the speedy trial . . . ."  (*Id*. at 18.)  We reiterated to Defendant that the trial would more than likely be scheduled for a later date, such as in November.  (*Id*.)  Defendant stated that he understood and conceded that the continuance was being granted as a result of his request.  (*Id*.)

On June 23, 2008, we appointed Christopher G. Furlong, Esq., to represent Defendant.

(Doc. Nos. 36, 40.)  We also granted Defendant's Motion for Continuance Pursuant to 18 U.S.C. § 3161(h)(8)(A) [now § 3161(h)(7)(A)].  (Doc. Nos. 35, 37.)  We scheduled trial for November 10, 2008 (Doc. No. 39) and issued a revised scheduling order (Doc. No. 38).  Despite our caution against filing *pro se* motions, Defendant filed several *pro se* motions between September 5 and 8, 2008.  (*See* Doc. Nos. 45-49.)  Included in these motions was Defendant's Motion to Release Counsel.  (Doc. No. 49.)  In that Motion, Defendant requests that the Court dismiss newly appointed counsel Christopher Furlong and permit Defendant to proceed *pro se*.  (*Id*.)  On September 8, 2008, Defense Counsel filed a Motion for Extension of Time Within Which to File Pre-Trial Motions.  (Doc. No. 50.)

A status hearing was held on September 18, 2008.  At that hearing, Defendant agreed to withdraw his motion to dismiss Counsel.  (*See* Doc. No. 51.)  Defendant also stipulated to a continuance of the trial from the scheduled trial date of November 10, 2008, to a date to be set by the Court in late January or early February of 2009.  (*See id*.)  This continuance was necessitated by Defendant's request for expert witnesses to examine some of the Government's evidence. We issued an amended scheduling order directing Defense Counsel to file supplemental pre-trial motions by November 3, 2008.  (Doc. No. 52.)  Trial is now scheduled for January 26, 2009. (Doc. No. 53.)  On November 28, 2008, Defendant submitted a second *pro se* motion to dismiss counsel (Doc. No. 66) as well as a motion seeking to disqualify this Court (Doc. No. 65).  Those *pro se* motions are still pending.

## II.    DISCUSSION

Defendant argues that when this Court granted Defendant's motion for a sixty-day continuance as well as a motion for extension of time to file pre-trial motions, "unbeknownst to

Defendant, instead of receiving the sixty day continuance that his counsel requested, Garraud was granted an open ended continuance by the Court." (Doc. No. 59 at unnumbered 1-2.) Defendant contends further that, judging by the docket, no activity took place in this matter between September 14, 2007, and May 8, 2008. (*Id*. at unnumbered 2.) Finally, Defendant asserts that he was not aware of the purpose of the change of plea hearing until June 6, 2008, the day the hearing took place. (*Id*.) Defendant concludes that the continuance granted by this Court did not validly exclude time under the Speedy Trial Act because "[t]he record in the instant matter is completely devoid of any evidence that this Court engaged in an 'ends of justice' analysis which the Act requires. The Court has left neither an oral or written record for the reasons relied on in granting this continuance." (*Id*. at unnumbered 3.)

The Speedy Trial Act provides that "[i]n any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment . . . ." 18 U.S.C. § 3161(c)(1). However,

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

*Id*. § 3161(h)(7)(A) (formerly § 3161 (h)(8)(A)). Moreover, in computing the seventy day period, the district court must exclude from its calculations "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt

disposition of, such motion . . . ." *Id.* § 3161(h)(1)(D) (formerly § 3161(h)(1)(F)).  The Third

Circuit permits, but disfavors, open-ended continuances:  "We caution district courts . . . against

the practice of entering open-ended continuances, no matter who asks for them, and recommend

strongly that the reasons for granting any continuance, including ends of justice continuances, be

recorded at the time the continuance is granted." *United States v. Lattany*, 982 F.2d 866, 876

n.14 (3d Cir. 1992).

Here, with regard to the disputed time period, we entered two Orders.  (*See* Doc. Nos. 16,

18.)  First, we excluded from the statutory seventy-day period the time from the date of the filing

of Defendant's two motions (Doc. Nos. 14, 15) to the date that we disposed of the motions

pursuant to 18 U.S.C. § 3161(h)(1)(D) (formerly § 3161(h)(1)(F)).  (*See* Doc. No. 16.)  Next, we

granted both of Defendant's motions, with some qualifications.  (*See* Doc. No. 18.)  We directed

that Defendant's pre-trial motions be submitted twenty days after completion of discovery,

although Defendant had requested a thirty-day period.  Defendant argued that he needed the

extension because defense counsel was not in possession of all discovery and he needed "to

receive and fully review all discovery material before deciding what motions, if any, are

appropriate to file." (Doc. No. 15 ¶ 5.)  In the same Order, we granted Defendant's Motion for

Trial Continuance, and stated that "[i]n accordance with 18 U.S.C. § 3161(h)(8)(A) [now §

3161(h)(7)(A)], the Court finds that the ends of justice served by granting this continuance

outweigh the best interests of the public and the defendant in a speedy trial and, therefore, orders

this case continued." (Doc. No. 18.)  We granted this continuance upon consideration of

Defendant's Motion, which explained that "Counsel herein was appointed to represent the

defendant on Tuesday, August 14, 2007.  Counsel herein is still investigating any possible

defenses to this case by reviewing pre-trial discovery." (Doc. No. 14.)  Viewed in its entirety,

Defendant requested time to gather and review discovery, investigate possible defenses, decide

what motions to file, file those motions, and have the Court dispose of those motions.  It is clear

from the record that we continued the trial under 18 U.S.C. § 3161(h)(8)(A) (now §

3161(h)(7)(A)) in order to provide Defendant time for effective trial preparation.  *See Lattany*,

982 F.2d at 879 (finding that when a district court articulates its reasons for granting a

continuance, "it is not necessary for it to articulate facts which are obvious and are set forth in

the motion for the continuance itself"); *see also* 18 U.S.C. § 3161(h)(7)(B)(iv) (formerly §

3161(h)(8)(B)(iv)) (permitting courts to grant trial continuances if "the failure to grant such a

continuance . . . would deny counsel for the defendant or the attorney for the Government the

reasonable time necessary for effective preparation, taking into account the exercise of due

diligence").  Following the trial continuance, the parties proceeded to exchange discovery.  As

requested by Defendant, the completion of discovery would trigger Defendant's deadline for

submitting pre-trial motions.  Defendant emphasized in his motions that he needed time to

review the discovery materials in order to decide what pre-trial motions to file and what defense

strategies to pursue.  More importantly, the parties entered into guilty plea negotiations.

Defendant's Counsel requested that trial not be scheduled for a specific date so that he could

work out a guilty plea with the Government.  Each month Counsel would advise the Court that

negotiations were ongoing.  In April of 2008, Defendant's attorney advised the Court that

negotiations had been successfully completed and a guilty plea hearing was scheduled.  When

Defendant backed out of the guilty plea, trial was scheduled.

       Defendant has suffered no prejudice from any delays in this case.  Indeed, following the

September to May period, Defendant requested and was granted several more continuances to review materials, change lawyers, and prepare for trial.  Even now, there are pending before the Court several *pro se* motions by Defendant that, if granted, would further delay trial. Defendant's suggestion that his Speedy Trial Act rights have been violated in this case is ludicrous.  The delay in getting this matter to trial has been caused by Defendant himself. Defendant's Pro-Se Motion to Dismiss Indictment for Lack of Speedy Trial (Doc. No. 47), as supplemented by defense counsel's Memorandum of Law in Support of Defendant's Motion to Dismiss for Lack of Speedy Trial (Doc. No. 59), will be denied.

In addition, we will deny Defendant's *pro se* Motion to Revoke Pre-Trial Detention Pursuant to 18 U.S.C. § 3164(a)(1)(c) (Doc. No. 55), as supplemented by Defense Counsel's Motion for Review of Conditions of Release Pursuant to 18 U.S.C. § 3161(c) (Doc. No. 58). Section 3164 provides that where a person is detained solely because he is awaiting trial, that person's trial "shall commence not later than ninety days following the beginning of such continuous detention . . . ."  18 U.S.C. § 3164(b).  However, "[t]he periods of delay enumerated in section 3161(h) are excluded in computing the time limitation specified in this section."  *Id*. Having found that time was properly excluded under the § 3161(h)(7)(A) (formerly § 3161(h)(8)(A)), we conclude that Defendant's rights under § 3164 have not been violated.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA    :
                :          CRIMINAL ACTION
     v.           :
                :          NO. 07-427
DANIEL GARRAUD        :

## ORDER

AND NOW, this _17th_ day of December, 2008, upon consideration of Defendant's Pro-Se Motion to Dismiss Indictment for Lack of Speedy Trial (Doc. No. 47), Defendant, Daniel Garraud's Memorandum of Law in Support of Defendant's Motion to Dismiss for Lack of Speedy Trial (Doc. No. 59), Defendant's *pro se* Motion to Revoke Pre-Trial Detention Pursuant to 18 U.S.C. § 3164(a)(1)(c) (Doc. No. 55), and Defendant, Daniel Garraud's Motion for Review of Conditions of Release Pursuant to 18 U.S.C. § 3161(c) (Doc. No. 58), and all documents submitted in support thereof and in opposition thereto, it is ORDERED that the Motions are DENIED.

IT IS SO ORDERED.

BY THE COURT:

_____
R. Barclay Surrick, Judge